Judge Davidge
delivered the opinion of the Court.
THIS was an action of assumpsit, brought by Devine against the plaintiff in error and five children, some of whom were of age and others not, for a rateable pari of $100, for transcribing books. The declaration is very informal. The defendants demurred; demurrer overruled. Several of the defendants pleaded infancy and non assumpsit; others pleaded non assumpsit; issues were made up, and the jury found a verdict against the plaintiff in error for $33 in damages, and in favor of the other defendants. Unsuccessful motions were made to arrest the judgment and for a new trial. The cause is brought to this court by writ of error.
Several errors are assigned; but w§ deem it unnecessary to notice any except the following, which is, that the plaintiff below having declared upon a joint contract by several defendants, could not, upon the evidence, recover against one only, and that the jury having found for all the defendants except the plaintiff in error, the court erred in rendering judgment against her.
It is a well settled rule, that in-an action esc contractu against several defendants, the plaintiff roust show a joint liability in all. 2 Johns. Rep. 213; 5 Johns. Rep. 177, 280, 281; 11 Johns. Rep. 101; 1 Chitty 31, 32. *125 In Philips’ Law of Evidence, 3d Amer. Ed. vol. 1, page 150, it is said, that on a joint contract against two, where one has suffered a default, and the other has ob-t.ained a verdict, judgment must be arrested as to the defendant suffering the default. 1 Strange 610, n; 1 Sell. 358; Champlin vs. Tilley, 3 Day 307. In the last case, judgment was directed to be entered for both fendants. We are aware, however, that there are some exceptions to the doctrine here, laid down, where the discharge or defence is personal, as infancy, or the like; but the verdict in this case, is not against all the ties that were of full age.
in assumpsit against seve-^nts^he recover aSainst all oi-whTr^part^ discharge ed on some j^o^as inÍ fancy qr the hke.
Triplett, for plaintiff; Sharp and Daniel, for deferir dant.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, for new proceedings to be had, not inconsistent with this opinion.